[No. 3362.   April 2, 1929.]

CATRON v. GALLUP FIRE BRICK CO., et al.

[277 Pac. 32.]

F. A. Catron, of Santa Fe, for appellant.

H. C. Denny, of Gallup, for appellees.

OPINION OF THE COURT

WATSON, J.  Appellant sued appellee in the district court of Santa Fe county alleging that certain lands situate in McKinley county had been sold under a decree of the district court of Santa Fe county, and that appellee

had become the purchaser at such sale; that within nine months thereafter appellant, being a party interested in said real estate, had unconditionally tendered to appellee the amount of the purchase money paid, with interest at the rate of 12 per cent.; that appellee had refused said tender; and prayed "judgment of redemption of and for order of possession of said premises; * * * for an accounting of the rents and profits thereof since * * * the day of tender, and for such other order or writ of this court as may be necessary and proper to carry out said redemption."

Appellee pleaded in abatement "that lands and interest in lands situate, lying and being in the county of McKinley, state of New Mexico, are the objects of said suit, and the herein cause is not brought or maintained in the county where said land or any portion thereof is situate."

This plea was sustained and a decree was entered abating the cause. That ruling appellant contends was erroneous.

Code 1915, § 5567, provides:

"Section 1. All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise: * * *

"Fourth. When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

Therefore, if a suit to redeem from a judicial sale has for its object lands or an interest in lands, the district court of Santa Fe county, as a matter of venue, had no jurisdiction of the present suit. Whether such was the object of the suit will depend upon the nature of a suit to redeem.

Code 1915, § 4775, provides:

" * * * Any real estate which may be sold under any order, judgment or decree of any court, may be redeemed by the mortgagor, or his assign or any other party interested in said real estate by paying to the purchaser or his assign the amount paid, with interest from the date of purchase at the rate of twelve per centum per annum at any time within nine months from the date of sale."

According to this language, payment of the proper amount within the proper time effects redemption. It is obvious, however, that the payment is intended as the condition of redemption rather than redemption itself. Redemption is a well-understood technical term. As applied to mortgages, it is "the 'buying back' and recovering the legal estate by the mortgagor after it has passed to the mortgagee." Pom. Eq. Jur. (4th Ed.) § 1219. We have no doubt that the term has the same meaning in our statute, and that the purpose of the statute was to give the right, not only to pay the amount specified, but to obtain a decree, either requiring the purchaser to convey to the redemptioner, or, under Code 1915, § 4773, itself operating as a conveyance.

The redemption statute contents itself with creating the right; failing to prescribe any procedure by which it may be enforced. However, the law of mortgages includes the well-known equitable proceeding known as the "bill to redeem." This suit, according to Pomeroy, had for its direct object "to declare and establish some particular estate, interest, or right, either legal or equitable, in the property which is the subject matter." Eq. Jur. (4th Ed.) § 1429.

We cannot doubt that the Legislature, in borrowing from the law of mortgages the redemption idea to be applied to judicial sales in general, intended that it should be enforced by means of the established remedy. We think that the "private right" established by our redemption statute is to be enforced by the civil action prescribed by our Code of Civil Procedure. Code 1915, § 4067.

We do not understand counsel for appellant to contend that the decree of the district court of Santa Fe county could have any effect upon the title or possession of lands situated in McKinley county. It is contended, however, that his purpose in the present suit is merely to obtain an adjudication that his tender was sufficient to accomplish redemption, and that, having obtained such decree, he will be relegated to subsequent appropriate action to obtain for himself the title and possession. The contention amounts to this: That appellant may resort to one

district court to obtain an adjudication of the facts and may then resort to another district court to obtain relief to which those facts entitle them. We know of no principle on which such a contention can be sustained. If the court whose jurisdiction is invoked is without power to award the relief, it would be not only a vain thing, but a vexatious procedure, to permit it to adjudicate the facts. One leading principle of equity is to avoid circuity and multiplicity of suits.

Appellant places reliance upon some authorities which lay it down that a suit to redeem is one in personam as distinguished from one in rem. It is true that originally equity, to avoid conflict with the courts of law, accomplished its purposes only by coercion of the defendant, and that it could accomplish a redemption only by requiring that the mortgagee reconvey to the mortgagor. Pom. Eq. Jur. (4th Ed.) § 1433. This doctrine, as the author notes in the succeeding section, has been abrogated by legislation in many of the states. It has been abrogated in New Mexico by Code 1915, § 4773, which provides:

"In all actions relating to real estate, where it becomes necessary for the conveyance of the same by either party to the action the court may enter a decree, which of itself shall operate as a good and sufficient conveyance of the real estate in question or may appoint any proper person to make such conveyance for and on behalf of the party."

It is clear to us, therefore, that a suit to establish a party's interest in certain lands, and his statutory right to buy them back and to be vested with the title, is one which the statute requires shall be commenced within the county where the lands are situated. The statutory right has been frequently held to give rise to the equitable remedy.

In Watson v. First National Bank of Roswell, 23 N. M. 372, 168 P. 488, the following paragraph appears:

"It is next contended by the appellants that the sale of mortgaged premises, made pursuant to decree of a competent court having jurisdiction of the subject-matter and of the parties, exhausts every remedy against the land, and, for any deficiency which may remain after the proceeds of sale are applied on the debt, the remedy is by personal judgment against the parties liable and the issuance of execution. *We are not concerned however with this contention, as the remedy sought is not against the land,*

*but is an equitable action seeking a right of redemption under the statute. We will therefore not further discuss the point raised."*

This is relied upon by appellant as a holding by this court that redemption is not a remedy against the land.

The decision is not controlling. Venue was not involved in that case. The question was whether Watson had such an interest in the land as to qualify him as a redemptioner.

As we understand appellant's contention in that case, it was that Watson was merely subrogated to the rights of Formwalt, the holder of the vendors' lien, and that the latter had exhausted his remedy against the land by procuring it to be sold under foreclosure, and could not, for a deficiency, have further recourse against the land. This court decided, however, that Watson's rights did not arise merely in subrogation to the rights of Formwalt, but that they arose out of the assumption of the vendor's lien by Bonney and Haynes, his grantees, and that his conveyance to the latter was conditioned that they should satisfy the lien and relieve him of personal liability on the note. The language italicized in the foregoing excerpt from the opinion was taken from appellee's brief, and is perhaps not fortunate. We think, however, that no more was intended than that Watson's claim of the right to redeem was not tantamount to an attempt by a mortgagee to satisfy a deficiency by further proceedings against the same land.

Appellant contends that the judgment is erroneous because the question of venue could not properly be raised by plea in abatement. The argument is that such plea is available only to bring in facts not appearing on the face of the complaint, disclosing matter in abatement, and that, since the situs of the lands in question was set up in the complaint, the question of the local jurisdiction should have been presented by demurrer.

We do not take the time to consider the nice question of pleading involved. If it be true that, under our Code, the plea in abatement was ill chosen as the means of raising the question, it does not follow that the judgment should be reversed. The point was seasonably

brought to the attention of the court. The ruling was correct. The matter set up in the plea was in abatement of the particular suit and not in bar of the cause of action. The substantial result must have been the same, whether the question arose on plea in abatement, demurrer, or motion to strike the complaint. Such being the case, and there having been no motion to strike the plea in abatement, the judgment will not be disturbed. Mayer v. Lane, 33 N. M. 18, 262 P. 178.

The judgment must be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.