**37 P.(2d) 243**
**ATLER v. STOLZ et al.**
**No. 3967.**

Supreme Court of New Mexico.
Oct. 25, 1934.

Robert Hoath La Follette, of Albuquerque, and Kenneth B. Speir, of Newton, Kan., for appellant.

Donald M. Bushnell, of Albuquerque, for appellee Stolz.

J. S. Vaught, of Albuquerque, for appellee Scheer.

WATSON, Chief Justice.

This is a suit in aid of execution. It was commenced in Bernalillo county and sought to reach lands in Valencia county. It was

dismissed for lack of jurisdiction, and plaintiff has appealed.

Plaintiff, having obtained a judgment against defendant Stolz, sued out execution which was returned nulla bona. She claims that the title to the land in question has been manipulated in fraud of her rights as a creditor. She alleges that she conveyed the land in blank, with delivery to defendant Stolz, who paid the consideration and inserted the name of Enderlin as grantee, the intent and purpose being that the latter should hold in trust; that soon thereafter Enderlin reconveyed to Stolz, who fraudulently erased his own name as grantee, inserted the name of defendant Scheer, and recorded the deed. This is all alleged to have occurred more than four years prior to the recovery of plaintiff's judgment, but not to have been discovered until after the return of her execution.

Plaintiff prayed that defendants Scheer and Enderlin be compelled to make such conveyances as would place legal title of record in defendant Stolz. She further prayed that her judgment be declared a first, valid, and subsisting lien upon the land, as against the defendants, and prayed further that, after such conveyances had been made, the land be subjected to her judgment and sold for its satisfaction, and for general relief.

If the lands or any interest in them are "the object of (this) suit in whole or in part," the venue was in Valencia county. 1929 Comp. St. § 147-101, Fourth. Appellant contends that her cause of action is for fraud, that available relief includes compulsion of the conveyances as prayed, mere relief in personam, and that the action is transitory and controlled as to venue by the first subsection of the statute cited. Appellees contend that the action is an attempt to subject the land itself to a lien, and is in rem.

■■ Undoubtedly equity may, and often must, act in personam, but it may, and in a proper case should, act in rem. 1929 Comp. St. § 117-117; Catron v. Gallup Fire Brick Co., 34 N. M. 45, 277 P. 32. We find no error in the court's classification of this as a suit in rem, with venue in Valencia county. The most that appellant could demand was the establishment of her lien. Except for the purpose of letting her lien in, no case was made for disturbing the several transactions among the defendants.

■ However, timely objection was not made to the venue. Appellees had previously answered and appellant had replied. The trial judge held that appellees had waived the matter of venue if it was theirs to waive, but that the matter was jurisdictional and could not be waived.

Appellant relies principally upon Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N. M. 686, 187 P. 560; Romero v. Hopewell, 28 N. M. 259, 210 P. 231. There the venue was not deemed a jurisdictional matter, and the parties defendant were held to have waived the objection. In both of those cases, however, the actions were transitory.

While the language and some of the reasoning of the decisions relied on is broad enough to include this case, we think that the sound rule is correctly stated in 27 R. C.

L. 783. After stating that in transitory actions an improperly selected venue may be waived, and that "in many jurisdictions" the same is held "with regard to actions essentially local in character," the text continues: "According to other authorities, however, a court cannot by waiver be given jurisdiction of a local action which properly should have been brought elsewhere. *This is certainly true if in making a decree the court would act directly upon realty situated outside of its territorial jurisdiction.*"

The statute is mandatory in its terms, and there are good reasons for holding it mandatory which have no force in the case of transitory actions. Cf. Martin v. Battey, 87 Kan. 582, 125 P. 88, Ann. Cas. 1914A, 440.

We conclude that the judgment should be affirmed, without prejudice to the institution of a new suit in the proper county. The cause will be remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.