498 P.2d 673

**JUAN TAFOYA LAND GRANT by Its Board of Directors, David Martinez, et al., Plaintiffs-Appellees,**

v.

**Serafin BACA et al., Defendants-Appellants.**

No. 9403.

Supreme Court of New Mexico.

June 30, 1972.

Casados & McBride, Albuquerque, for appellant Serafin Baca.

Harold M. Morgan, Albuquerque, for other appellants.

Standley, Witt & Quinn, Santa Fe, amicus curiae.

Edward J. Apodaca, Albuquerque, for appellees.

OPINION

McMANUS, Justice.

On December 22, 1969, suit was filed in the District Court of Valencia County by plaintiffs herein, praying for a declaratory judgment that would determine the legal ownership status of the Juan Tafoya Land Grant. The complaint further requested a ratification of previous actions of the Board of Trustees of said Grant and a request for ratification of certain rules for governing the Grant. Judgment was entered against all of the defendants granting the relief prayed for and also determining the ownership of the Grant. Subsequently, the court approved the proposed rules for the governing of the Grant. Serafin Baca, one of the defendants, appealed from the judgment of the trial court.

While there were two points proferred for appeal, it will only be necessary to discuss the second point. It is as follows:

"The rules approved by the District Court for the governing of the Grant are void and of no force and effect for the reason that the judgment on which they are founded is void for the reason that the court did not have jurisdiction over the subject matter."

Appellants, by virtue of this point, state that all of the land to which title is sought is situate in either Sandoval or McKinley Counties, and not in Valencia County. Section 21–5–1(d) (1), N.M.S.A. (1953 Comp.), reads as follows:

"When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

Appellees infer that a portion of the land involved lies in Valencia County. The record before us does not so indicate. Inasmuch as the lands or any portion thereof subject to this suit were not shown to be situate in Valencia County the trial court had no jurisdiction over the subject-matter. We take notice of the brief Amicus Curiae filed herein. See Atler v. Stolz, 38 N.M. 529, 37 P.2d 243 (1934); Catron v. Gallup Fire Brick Co. et al., 34 N.M. 45, 277 P. 32 (1929); Pan American Petroleum Corp. v. Candelaria, 403 F.2d 351 (10th Cir. 1968).

The judgment of the trial court is remanded to the trial court for a dismissal of the action, without prejudice to the institution of a new suit in the proper county as the parties may deem advisable.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.