505 P.2d 845

**Olga KALOSHA et al., Plaintiffs-Appellees.**

v.

**Olga P. NOVICK, Defendant-Appellant.**

**No. 9443.**

Supreme Court of New Mexico.

Jan. 26, 1973.

Modrall, Sperling, Roehl, Harris & Sisk, Dennis J. Falk, Kenneth L. Harrigan, Albuquerque, Neal & Neal, Donald D. Hallam, Hobbs, for appellant.

Paul A. Phillips, Sterling F. Black, Albuquerque, for appellees.

## OPINION

STEPHENSON, Justice.

This action was brought in Santa Fe County District Court by four Russian citi-

zens (plaintiffs) against an Arkansas resident (appellant) alleging that they are the heirs of deceased legatees under the will of a New Mexico decedent. The dispute centers on ownership and possession of real property located in Texas, Louisiana, Arkansas and several New Mexico counties other than Santa Fe. Plaintiffs seek to have themselves declared owners of the property, and to require the defendant to render an accounting for the period of her possession. It is also contended that the judgment in a Lea County case awarding the property to the appellant is null and void. The trial court granted plaintiffs' motion for summary judgment and the defendant appeals.

Inheritance of four-ninths of the estate of John Dashko, who died in Hobbs, New Mexico, in 1949, is the subject in controversy. John was born in Russia to Stefano and Elina Dashko and was known at that time as Ivan Dashko. He had a brother, Sawa, a sister, Elizabeth, and a sister named Aksenia who is the same person as the appellant.

John Dashko emigrated to the United States when he was fourteen years of age. He moved to Hobbs, New Mexico, in 1930. The appellant resided in Arkansas.

In 1936, John executed a will leaving all of his property to his wife, Fay, for her life and then one-third to Fay's father and mother, or the survivors of them or to their heirs. The remaining two-thirds of the estate was to be divided one-third to the appellant and her heirs, one-third to John's brother, Sawa Dashko and his heirs, and one-third to his sister, Elizabeth Hysze and her heirs. The will contained addresses for Sawa and Elizabeth.

John died in 1949, his will was probated in the Lea County Probate Court, and a decree determining heirship was entered.

On October 22, 1957, the life tenant, Fay Dashko, died. A year later appellant filed a petition in Lea County District Court seeking a determination that Sawa and Elizabeth were dead, that she was their sole heir and that, as such, she was entitled to their four-ninths share in the John Dashko estate. A judgment to that effect was entered in January, 1959.

The present action was filed in the Santa Fe County District Court on April 6, 1964. The plaintiffs, Olga Kalosha, Aleksander Kiula and Viktor Gushcha claim that they are the daughter and sons of Elizabeth Hysze and Iosif Dashko claims he is the surviving son of Sawa Dashko. It was alleged in the complaint that the appellant had wrongfully converted and received the accretions, income, profits and benefits resulting from such possession, use and enjoyment of said property, and that plaintiffs were the owners in fee simple absolute of the property. Plaintiffs prayed that they be declared to be the true and lawful owners of the property, that appellant be enjoined from selling the property or drawing, using or dissipating in any manner the rents, royalties, profits, income or other benefits derived from the property, and that she be required to render an accounting to plaintiffs.

On March 25, 1966, the trial court dismissed the plaintiffs' complaint with prejudice for their failure to appear for depositions. We reversed. Kalosha v. Novick, 77 N.M. 627, 426 P.2d 598 (1967).

On March 20, 1970, plaintiffs moved for summary judgment. The court granted the motion and entered a judgment finding the plaintiffs to be the heirs of Elizabeth and Sawa and granting other relief. The court made no mention of the Lea County judgment.

Appellant argues that jurisdiction did not lie in Santa Fe County, that certain fact issues make the granting of summary judgment improper and that the Lea County judgment cannot be collaterally attacked.

We will first consider the venue issue. This action was filed on April 6, 1964. Thereafter various pleadings were filed on behalf of appellant included among which are a general appearance, responses to various motions of the plaintiff, notices for the taking of depositions, a motion to dis-

miss and an appeal which resulted in the reversal of an order of dismissal. On June 22, 1967 the appellant filed her answer, which, after admissions and denials, included nine affirmative defenses raising various legal contentions. On the same day she filed motions for dismissal based upon several legal positions. Yet it was not until August 21, 1967, more than three years after the filing of the complaint, that we find the first assertion, in the form of a motion, that venue was improper. That was a motion to dismiss asserting that inasmuch as the Lea County judgment was under attack the cause must be addressed to that court, and that venue in Santa Fe County was erroneous. Also argued to the court below was a claim that since an interest in lands was the object of the suit, venue was improper because none of the lands were situate in Santa Fe County. It is upon this latter ground that appellant places her reliance here, predicated upon § 21-5-1 D(1), N.M.S.A.1953 which provides:

"When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

The thrust of appellant's argument is that the venue statute is "mandatory" and, therefore, jurisdictional. Jurisdiction over the person can clearly be waived. Rule 12(h)(1) [§ 21-1-1(12)(h)(1), N.M.S.A. 1953]. Appellant's argument must necessarily pertain to subject matter jurisdiction which can be raised at any time during the proceedings under Rule 12(h)(3). See also, Heath v. Gray, 58 N. M. 665, 274 P.2d 620 (1954).

■ Appellant relies upon Lucus v. Ruckman, 59 N.M. 504, 287 P.2d 68 (1955) which was partially based upon § 21-5-1 D(1). Lucus held a De Baca County heirship decree void because it adjudicated ownership of land in Roosevelt and Eddy counties. It treated the statute as jurisdictional. Further reliance is placed by appellant upon Heath v. Gray, supra, and Atler v. Stolz, 38 N.M. 529, 37 P.2d 243 (1934). Each of those cases treats the venue stat-

ute with which we are concerned as being jurisdictional. We overrule them insofar as they equate venue with jurisdiction. Catron v. Gallup Fire Brick Co., 34 N.M. 45, 277 P. 32 (1929) and Jemez Land Co. v. Garcia, 15 N.M. 316, 107 P. 683 (1910) do not expressly equate venue with jurisdiction but neither do they distinguish between them, and might be so construed. Although these cases are factually distinguishable from the case at hand, we overrule them to the extent that they treat jurisdiction and venue as one and the same.

We recognize that the equation of jurisdiction and venue is almost as prevalent as the distinction between the two. However, in 20 Am.Jur.2d, Courts § 89, it is pointed out:

"Although venue has sometimes been treated as jurisdictional in nature, and the concepts 'jurisdiction' and 'venue' have a close relation that sometimes leads to a confusion between them, according to the apparently prevailing view, the two concepts must be distinguished. Venue, in the technical meaning of the term, means the place where a case is to be tried, whereas jurisdiction does not refer to the place of trial, but to the power of the court to hear and determine the case."

Also, see Paige v. Sinclair, 237 Mass. 482, 130 N.E. 177 (1921); Stevens, Venue Statutes: Diagnosis and Proposed Cure, 49 Mich.L.Rev. 307 (1951).

The distinction between jurisdiction and venue has been drawn by this court on several occasions most of which involve interpretation of other sections of the venue statute with which we are dealing here. These cases clearly indicate that venue can be waived.

Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119 (1931) is contra to the cases we overrule here. Singleton was an action to quiet title to real estate in Lea County and was brought there, but a default judgment was entered in Chaves County. In a motion to set aside the Chaves County judgment, the defendant argued that the court had no jurisdiction to determine title to

land in Lea County. In response, we said "Appellee is in error in asserting that the matter of jurisdiction of the court is involved. It is a matter of venue." On the issue of waiver of venue, we cited Bowers on the Law of Waiver §§ 379, 380, which says in part:

"'The venue of an action has always been a privilege which the defendant could exact or waive, even as to districts.'"

In Heron v. Gaylor, 53 N.M. 44, 201 P. 2d 366 (1948) we held that in an action to enjoin persons from trespassing upon lands in Rio Arriba County filed in that county could be heard in Santa Fe County absent proper objection to venue by plaintiff. Plaintiff relied upon a portion of the statute in question dealing with actions for trespass, now § 21–5–1 E, N.M.S.A.1953. That section contains mandatory language as does subsection D(1).

We stated:

"If it be the plaintiff's position that the court acted without jurisdiction, then he is in error; rather, it is a question of venue. (Citations omitted.)

\* \* \* \* \* \*

"The plaintiff had the right to have the hearing held at the county seat of Rio Arriba County and failure to hold it there was error unless such right has been waived. (Citation omitted.)"

The section of the venue statute applicable to transitory actions, now § 21–5–1 A, N.M.S.A.1953, was construed in Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726 (1942). That section also contains mandatory language. Again, we distinguished between venue and jurisdiction and held that the former could be waived. Singleton, Heron, and Peisker adhere to the correct view insofar as they distinguished between jurisdiction and venue and hold that venue may be waived.

The title to the act in question is "An Act Relating to Venue of Civil Actions." Had the legislature intended to deal with a subject so fundamental as jurisdiction it would doubtless have said so, and the title of the act might well be deficient for failure to comply with Article IV, Section 16 of the New Mexico Constitution, a feature as to which we express no opinion. If, in truth, § 21–5–1 D(1) is part of an act relating to venue, and if Rule 12(h)(1) [§ 21–1–1(12)(h)(1), N.M.S.A.1953] allows a defense of improper venue to be waived whereas Rule 12(h)(3) [§ 21–1–1(12)(h)(3), N.M.S.A.1953] provides in substance that subject matter jurisdiction may not be waived, it seems clear that venue is quite different from subject matter jurisdiction and that § 21–5–1 D(1) cannot be jurisdictional in nature.

Nothing in Article VI, Section 13 of the New Mexico Constitution, which deals with district court jurisdiction, seems to limit that jurisdiction in the manner for which appellant contends.

While we recognize that venue statutes such as § 21–5–1 D(1) which provide that actions involving interests in land have been construed to deal with jurisdiction, see e. g. Suits v. Mobil Crude Purchasing Co., 182 Kan. 310, 321 P.2d 167 (1958); Cugini v. Apex Mercury Min. Co., 24 Wash.2d 401, 165 P.2d 82 (1946); Banbury v. Brailsford, 66 Idaho 262, 158 P.2d 826 (1945); we think the better construction of such statutes is that they deal only with venue which is merely a privilege allowed for the convenience of the parties. Sil-Flo Corp. v. Bowen, 98 Ariz. 77, 402 P.2d 22 (1965), and Camellia Diced Cream Co. v. Chance, 339 S.W.2d 558 (Tex.Ct. Civ.App.1960) so hold, and we agree.

Finally, to treat the statute in question as jurisdictional would encourage dilatory pleading and impede the judicial process. If the statute in question can be raised at any point in the proceedings, then it is possible for a litigant to appear, argue the merits of a given case, and then seek a second day in court in another district.

We thus hold that § 21–5–1 and its various subsections deal merely with venue as distinguished from jurisdiction, and that rights conferred by such section and its subsections may be waived.

We are not unmindful of our recent opinion in Juan Tafoya Land Grant v.

Baca, 83 N.M. 786, 498 P.2d 673 (1972). The principles which form the basis for the result we reach here were neither briefed nor argued in Juan Tafoya. However, we have now reversed the cases upon which Juan Tafoya was predicated, and since the result in that case is contra to that reached here, it must be overruled as well.

We now turn to a consideration of whether venue has in fact been waived by the appellant. Rule 12(h)(1), supra, answers this question. That rule states:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Rule 12 g [21-1-1(12)(g), N.M.S.A. 1953] states in pertinent part:

"If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . ."

We have previously recounted matters and things which occurred and pleadings which were filed prior to raising any question regarding venue. Suffice it to say that if it is possible to waive venue, and we have held that it is, waiver occurred here.

Appellant also contends that the Lea County District Court judgment determining that she was the sole heir of Sawa and Elizabeth is a final and conclusive judgment and cannot be collaterally attacked. In St. Paul Fire and Marine Ins. Co. v. Rutledge, 68 N.M. 140, 359 P.2d 767 (1961) we held a judgment subject to collateral attack notwithstanding the fact that:

"[T]he rule is well established that every presumption not inconsistent with the record is to be indulged that the court had jurisdiction of the subject matter and of the parties, and that all facts necessary to give the court jurisdiction to render the judgment existed, but where lack of jurisdiction affirmatively appears on the face of the judgment, or the judgment roll or record, the presumption is not conclusive and the judgment is open to collateral attack. Atlantic Refining Co. v. Jones, 63 N.M. 236, 316 P.2d 557; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970."

The record indicates that the judgment in question was entered pursuant to appellant's petition to determine heirship which was filed under Section 31-12-16, N.M.S. A.1953. That statute provides for a determination in district court of heirship of persons dead more than six years, who at the time of his or her death owned real property in this state, and upon whose estate no administration has been had. Section 31-12-19, N.M.S.A.1953 provides for notice of hearing on petitions filed under 31-12-16. It states in part:

" * * * notice of said hearing shall be published and given in the manner provided by law for the hearing upon the final report in the administration of estates, * * *."

Section 31-12-7, N.M.S.A.1953 in turn provides for notice of hearing upon the final report in the administration of estates. The pertinent part of that provision states:

"Notice of hearing * * * shall be given in the same manner as now provided for the service of summons in civil actions; Provided, however, that the notice of hearing shall also be published in some newspaper of general circulation in the county where said estate is being administered. * * *

"The notice of hearing above referred to * * * shall contain the title of the cause and be addressed to all of the heirs, legatees and devisees as shown in the report, or petition for appointment of the administrator or will, and to all un-

known heirs of said decedent and all unknown persons claiming any lien upon or right, title or interest in, or to the estate of said decedent, * * *"

The notice of hearing at issue here was addressed to:

"SAWA S. DASHKO, ELIZABETH HYSZE, RALPH W. AHERN, CLIFFORD BATES, ADMINISTRATOR OF THE ESTATE OF FAY A. DASHKO, DECEASED, AND TO ALL UNKNOWN PERSONS CLAIMING ANY LIEN, RIGHT, TITLE AND INTEREST IN OR TO THE ESTATE OF SAWA S. DASHKO AND ELIZABETH HYSZE."

This notice is obviously deficient in that it omits "ALL UNKNOWN HEIRS OF SAWA S. DASHKO AND ELIZABETH HYSZE." That such an omission is crucial is made clear in Harlan v. Sparks, 125 F.2d 502 (10th Cir. 1942) which held an identical omission in a notice of hearing to be deficient and found the decree entered thereunder to be subject to collateral attack. Appellant attempts to distinguish Harlan because the court in that case found that the administrator had actual knowledge of certain heirs of the decedent and did not cause process to be served upon them. We think this distinction is without merit, for the Harlan case was not based solely upon that fact, as is indicated in the following statement from the case:

"But whether the appellees be catalogued as unknown heirs * * * or as known heirs not named in the proceeding whose whereabouts could by the exercise of reasonable diligence have been ascertained and service of process had upon them, the decree in either event was entered without personal or constructive service of process being effectively had upon them. It therefore is open to direct or collateral attack by them on that ground."

Appellant makes a further contention that notwithstanding the omission the notice by publication was adequate and that it would be "patently absurd" to hold that plaintiffs would have benefited by inclusion of the omitted phrase, since they were in Russia at the time of the publication of notice in a Lea County newspaper. We think this argument serves only to point out the harshness and frequent inadequacy of the notice by publication procedure. As was stated in Harlan:

"Constructive service of process is in derogation of the common law; it is harsh; and a statute authorizing it is to be strictly construed. (Citations omitted.)"

Situated as these plaintiffs were it is unlikely that they would have gained useful knowledge regardless of what the notice contained, but this is not the issue. The point is that the statute with which we are concerned must be strictly construed. In order for it to work its magic, careful compliance must be had with its requirements.

We hold that the Lea County District Court judgment is void as to plaintiffs.

Appellees also argue that the District Court of Lea County lacked subject matter jurisdiction over the determination of heirship, because the statute under which the suit was brought, § 31–12–16, N.M.S.A. 1953, authorizes a determination of heirship suit in district court only when the decedent has been dead for more than six years. Appellees argue that if a decedent is merely presumed to be dead under § 31–14–1, N.M.S.A.1953, any determination of heirship must be made pursuant to the administration of the estate of the presumed decedent in the probate court as provided in § 31–14–1. This raises an interesting question as to the subject matter jurisdiction of district courts in New Mexico. We need not answer it, however, since we have held that the Lea County judgment must fall because of failure to comply with the statutory notice requirement.

Finally, appellant argues the existence of genuine issues of material fact which precluded the trial court from properly granting summary judgment. Rule 56(c) [Section 21–1–1(56)(c) N.M.S.A.1953].

The record discloses an interesting and somewhat intricate fact situation. The family circumstances of the plaintiffs are not as easily susceptible to proof as they would be in this country because of the disruption and destruction which resulted from World War II. The central factual issue is whether plaintiffs are the heirs of Sawa and Elizabeth or whether they are imposters. It would serve no purpose to detail the evidence. Plaintiffs argue persuasively, but in doing so must resort in some instance to deductions, inferences and probabilities to weave their factual fabric.

Guided by the rules laid down in Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972) we feel obliged to agree with appellant.

The summary judgment in favor of plaintiffs is reversed and the case remanded to the District Court of Santa Fe County for further proceedings consistent herewith.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.