737 P.2d 559

**Perri HAMBY, Plaintiff-Appellant,**

v.

**Henry GONZALES, M.D., Defendant-Appellee.**

No. 8964.

Court of Appeals of New Mexico.

April 14, 1987.

Certiorari Denied May 20, 1987.

Dick A. Blenden, Paine, Blenden & Diamond, Carlsbad, for plaintiff-appellant.

Mark C. Meiering, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, Perri Hamby, appeals from an order of the trial court dismissing her complaint for medical malpractice for improper venue. The single issue presented on appeal is whether the trial court erred in dismissing plaintiff's complaint grounded upon lack of venue. We affirm.

Plaintiff filed a complaint in the District Court of Eddy County, alleging that the defendant, Henry Gonzales, M.D., negligently performed a hysterectomy upon her without her informed consent. Defendant filed an answer denying the allegation and moved to dismiss the complaint on the ground that venue in Eddy County was improper.

Following a hearing, the trial court announced it would grant defendant's motion but before entry of an order, plaintiff filed an amended complaint alleging that "Plaintiff and Defendant were residents of Hobbs, Lea County, New Mexico, at all times material to the actions of the Defendant, but Plaintiff is now, and at the time of the filing of the original complaint, a resident of Wichita, Kansas, and has been such a resident since 1984." Plaintiff then filed a motion to reconsider to which she attached the affidavit of Judith Anne Moore, a professor of English.

The trial court denied plaintiff's motion to reconsider and entered its order granting defendant's motion to dismiss for lack of venue. Plaintiff contends that the dismissal was improper and that the action could properly be instituted in Eddy County as a transitory action.

The dispositive statute governing venue for actions filed in the district courts is NMSA 1978, Section 38-3-1. The statute provides in applicable part:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

A. first, except as hereinafter provided in Subsection F of this section, relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant or some one of them, in case there be more than one of either, resides; or second, in the county * * * where the cause of action originated * * * *or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides*[.] [Emphasis added.]

Plaintiff essentially argues that under Section 38–3–1(A), she is entitled to file against the defendant in the district court of any of the three counties within the Fifth Judicial District. In furtherance of this contention, plaintiff asserts that the pronoun "either" as used in the underscored portion of subsection A, referring to "in any county in which the defendant or either of them may be found" should be interpreted to mean that plaintiff may, at her election, file the action against defendant in any county in which either the plaintiff or defendant may be found. Thus, according to plaintiff, since she "found" herself in her attorney's office in Eddy County, that county is a proper venue. In making this contention, plaintiff relies on the affidavit of Professor Moore that "either" in the last line, as a parallelism to its use in the prior sentences, means the plaintiff or defendant. While the affidavit does not say exactly that, we accept plaintiff's interpretation.

■ Notwithstanding plaintiff's arguments, we are persuaded that the trial court properly construed Section 38–3–1(A) as it factually applies to the present case. In interpreting the statute, we look both to the language of the statute and legislative intent. The practical inquiry in construing statutes is to discover and give effect to legislative intent, and so far as practicable, make them harmonious and sensible. *State ex rel. Clinton Realty Co. v. Scarborough,* 78 N.M. 132, 429 P.2d 330 (1967).

■ Since, at the time of the filing of this action, plaintiff no longer resided in New Mexico, under Section 38–3–1(A) she was required to file suit either in the county where defendant actually resided (Lea County), or where the cause of action originated (Lea County), or in some other county of the judicial district wherein defendant could be actually served with a copy of the complaint and summons. The term "transitory" as used in the statute does not evidence an intent by the legislature to permit a non-resident plaintiff, in her discretion, to select any county within the same judicial district in which to properly file her cause of action against the defendant. Since a plaintiff is not served with process, to adopt plaintiff's construction of the language that she could file her action in any county in the district in which she found herself would bring about an illogical result.

■ The venue statute, Section 38–3–1, was originally enacted over a century ago, and has been substantially amended by the legislature since its enactment. Venue controls the place of an action. *Peisker v. Chavez,* 46 N.M. 159, 123 P.2d 726 (1942). Venue is determinative of the particular county in which plaintiff's action may be brought. *Kalosha v. Novick,* 84 N.M. 502, 505 P.2d 845 (1973).

■ It is apparent that the trial court, rather than applying a narrow or technical construction of the statute, properly construed the venue statute in keeping with the original legislative intent. Our reading of the statute is consistent with the result reached by the trial court. In the first portion of the statute, the legislature provided that in the event there were multiple defendants, proper venue for one defendant would determine proper venue for all defendants. *See Teaver v. Miller,* 53 N.M. 345, 208 P.2d 156 (1949). This same intent is applicable to the third provision contained in Section 38–3–1(A).

Section 38–3–1(A) controls the county in which plaintiff's action may properly be initiated. Since plaintiff did not reside in Eddy County at the time her suit was filed, plaintiff was obliged to file the action in the county wherein defendant resided, or in a county included in the judicial district where defendant resides wherein defendant might be found. In this case, the cause could only have been filed in Lea County. We have considered each of the arguments raised by plaintiff and determine that the ruling of the trial court below was correct.

The trial court's order of dismissal is affirmed.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.