The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number:**

**Filing Date:** April 7, 2025

**NO. S-1-SC-39065**

**BLANCHARD CORONA RANCH, LLC,**

Plaintiff-Respondent,

v.

**STEPHANIE GARCIA RICHARD, Commissioner of Public Lands of the State of New Mexico,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**John P. Sugg, District Judge**

New Mexico State Land Office
Ari Biernoff, General Counsel
John L. Sullivan, Senior Counsel
Richard H. Moore, Associate Counsel
Santa Fe, NM

for Petitioner

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Lorraine Hollingsworth
Albuquerque, NM

for Respondent

**OPINION**

**VARGAS, Justice.**

{1}     This case asks us to clarify what it means for a suit to have an "interest in lands" as its object under New Mexico's venue statute. *See* NMSA 1978, Section 38-3-1(D)(1) (1988). In the underlying suit, Blanchard Corona Ranch, LLC (Blanchard) seeks a judgment declaring that the Commissioner of Public Lands of the State of New Mexico, Stephanie Garcia Richard (the Commissioner) violated State Land Office rules when she issued two wind energy leases[1] that overlapped with some of the land she had previously leased to Blanchard for grazing. On interlocutory appeal, the Commissioner challenges the district court's order that venue is proper in Lincoln County under Section 38-3-1(D)(1). *See* § 38-3-1(D)(1) ("When lands or any *interest in lands* are the object of any suit in whole or in part, the suit shall be brought in the county where the land or any portion of the land is situate." (emphasis added)).

{2}     Adopting the holding in *Kaywal, Inc. v. Avangrid Renewables, LLC*, 2021-NMCA-037, ¶ 59, 495 P.3d 550, we conclude that venue is improper in Lincoln

---

[1]The parties interchangeably refer to the two wind energy leases as the "renewable energy leases," "business leases," "commercial wind leases," and "commercial leases." For consistency, we refer to them as the "wind energy leases."

County under Section 38-3-1(D)(1) because the relief that Blanchard seeks does not implicate an interest in lands as its object. We reverse the district court's order and remand to dismiss the case without prejudice for improper venue.

## I.    BACKGROUND

{3}    In 2019, the Commissioner renewed Agricultural Lease No. GM-1324-0001 (the Agricultural Lease) between the Commissioner and Blanchard, providing for grazing rights on 3478.40 acres of state trust land in Lincoln County for a five-year term. Blanchard's grazing rights are subject to reservations detailed in the Agricultural Lease. The Commissioner reserved the right to execute additional leases on the same land for mining and extracting purposes; to issue permits for utility easements and rights-of-way; and to execute leases "for renewable energy projects on the land." Section 21 of the Agricultural Lease details the reservation regarding renewable energy projects:

> In addition to the reservations stated in [the Lease], . . . Lessor reserves the right to execute leases for renewable energy projects on the land hereby leased, lessee consents to any such lease and agrees to cooperate in any such lease, and lessee's failure to do so shall constitute a violation [of the Lease].

{4}    On February 20, 2020, Blanchard filed a complaint seeking declaratory and injunctive relief related to the Commissioner's auctioning of two wind energy leases that overlapped with some of the land leased to Blanchard under the Agricultural

Lease. On June 1, 2020, while the claim above was pending, and with the auction process complete, the Commissioner issued two wind energy leases "for the planning and development of a wind power facility" for a term of fifty-five years on land that overlapped with several hundred acres of the Agricultural Lease. The two wind energy leases authorize the lessee to use the leased land for wind energy development projects.

{5} Blanchard dismissed its initial complaint and subsequently re-filed on September 10, 2020, forming the basis of this appeal. In its new complaint, Blanchard requested that the district court enter a judgment declaring that the Commissioner violated the requirements of State Land Office rules, 19.2.9.21(A)-(B) NMAC, when she failed to (1) "make the necessary determinations . . . that the proposed [wind energy] leases will not unreasonably interfere with [Blanchard's] authorized uses under [the] existing [Agricultural Lease]"; (2) "provide notice to [Blanchard] that new [wind energy] leases were issued for lands that were already subject to [the] existing [Agricultural Lease]"; (3) include "the necessary protections for the existing [A]gricultural [L]ease in the new [wind energy] leases"; and (4) "obtain [Blanchard's] written consent to the new [wind energy] leases." Lastly, Blanchard asked the district court to declare that Section 21 of the Agricultural Lease, reserving the right to execute leases for renewable energy projects to the

3

Commissioner, is "void and unenforceable" because it also violates State Land Office rules.

{6} The Commissioner moved to dismiss the complaint, alleging, in pertinent part, that venue in Lincoln County was improper. The Commissioner argued that Section 38-3-1(D)(1) does not control because the object of the suit "is not to determine ownership or possessory interest in real estate but to challenge the lawfulness of the Commissioner's leasing process." The district court denied the Commissioner's motion to dismiss, concluding that the declaratory judgment action "involves [Blanchard's] interest in land located in Lincoln County . . . [because Blanchard] seeks a declaration from the [c]ourt as to what impact the [wind energy] leases issued to [the wind energy company] have on [its] interest."

{7} In the Court of Appeals, the Commissioner filed a writ of error and an application for interlocutory appeal. The Court of Appeals denied both. The Commissioner then filed a writ of certiorari with this Court. This Court granted certiorari on one question: whether this suit has as its object an interest in lands under Section 38-3-1(D)(1) of New Mexico's venue statute.

## II.    DISCUSSION

### A.    Standard of Review

{8}    The Commissioner asks the Court to reverse the district court and dismiss this case without prejudice for improper venue. "A motion to dismiss for improper venue involves questions of law that we review de novo." *Gardiner v. Galles Chevrolet Co.*, 2007-NMSC-052, ¶ 4, 142 N.M. 544, 168 P.3d 116. In construing New Mexico's venue statute, "we keep in mind that our venue rules are meant to balance the interests of defendants to be sued in a convenient forum against the interests of plaintiffs to choose the forum in which to sue." *Id.*

### B.    New Mexico Venue Statute

{9}    The Commissioner appeals the district court's order concluding that venue is proper in Lincoln County. Instead, the Commissioner argues that venue is proper in the county where Plaintiff resides (Bernalillo County) or the county where Defendant resides (Santa Fe County), per Section 38-3-1(G). Section 38-3-1(G) states that "[s]uits against any state officers as such shall be brought in the court of the county in which their offices are located, at the capital or in the county where a plaintiff, or any one of them in case there is more than one, resides."

{10}    Blanchard, on the other hand, argues that venue is proper in Lincoln County, the county where the land in question is situated pursuant to Section 38-3-1(D)(1).

That section states,"[w]hen lands or any interest in lands are the object of any suit in whole or in part, the suit shall be brought in the county where the land or any portion of the land is situate." Blanchard argues that an interest in lands is the object of this suit because Blanchard "is seeking a declaratory judgment as to what impact the [wind energy] leases have on [Blanchard's] interest in lands under the [A]gricultural [L]ease." Specifically, Blanchard alleges that the Commissioner's "failure to follow proper procedures . . . in the issuance of the [wind energy leases] impacts [Blanchard's] possessory interests in the land leased from the State Land Office."

{11}     The question of venue in this case therefore hinges on whether the object of this suit is an interest in lands. Blanchard argues that it is, thus, Section 38-3-1(D)(1) should control and venue is proper in Lincoln County. The Commissioner argues that an interest in land is not the object of the suit, Section 38-3-1(G) controls, and venue is proper in Bernalillo County or Santa Fe County.

**1.     Statutory construction of Section 38-3-1(D)(1)**

{12}     The parties fundamentally disagree about what it means for land to be the *object* of the suit under Section 38-3-1(D)(1). According to the Commissioner, an interest in lands is the object of a suit if the judgment sought *would establish* an interest in lands. Blanchard's arguments, on the other hand, reflect a less stringent

requirement: if the suit is *related to* an interest in lands, then it is the object of the suit.

{13} "When construing statutes, our guiding principle is to determine and give effect to legislative intent." *N.M. Indus. Energy Consumers v. N.M. Pub. Regul. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105. "Under the rules of statutory construction, we first turn to the plain meaning of the words at issue, often using the dictionary for guidance." *N.M. Att'y Gen. v. N.M. Pub. Regul. Comm'n*, 2013-NMSC-042, ¶ 26, 309 P.3d 89. "We must give effect to the statute as written without room for construction unless the language is doubtful, ambiguous, or would lead to injustice, absurdity or contradiction, in which case the statute is to be construed according to its obvious spirit or reason." *Sw. Pub. Serv. Co. v. N.M. Pub. Regul. Comm'n*, 2024-NMSC-012, ¶ 19, 548 P.3d 97 (text only)[2] (citation omitted).

{14} *Black's Law Dictionary* defines *object of an action* as "the legal relief that a plaintiff seeks; the remedy demanded or relief sought in a lawsuit." *Object*, *Black's Law Dictionary* (12th ed. 2024). If we apply the dictionary definition of *object of an action* to the facts here, the relief that Blanchard seeks does not appear to have an

---

[2]"(Text only)" indicates the omission of nonessential punctuation marks—including internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text otherwise unchanged.

interest in lands as its object; the legal relief that Blanchard seeks would not itself delineate, limit, or otherwise alter the parties' property interests. Instead, Blanchard requests that the district court enter a judgment declaring that the Commissioner violated her obligations under State Land Office rules when she failed to give Blanchard proper notice of the wind energy leases. Further, Blanchard contends the section of the Agricultural Lease allowing the Commissioner to execute additional leases on the land for renewable energy projects is void and unenforceable because the section "is contrary to and in violation of the requirements of [State Land Office rules]." Indeed, Blanchard concedes it "is not requesting that the district court rescind or revoke the Wind Leases. Rather, Blanchard is only requesting declarations relating to the Commissioner's adherence to State Land Office rules in her leasing process."

{15} Blanchard takes the meaning of "[w]hen lands or any interest in lands are the object of any suit" too far. *See* § 38-3-1(D)(1). Blanchard argues that "[t]he character of the judgment sought by [Blanchard] is directly *related to* [Blanchard's] possessory interest in the land at issue." Essentially, Blanchard asks this Court to conclude the relation of the land to the suit is sufficient to satisfy the requirement the lands be the "object of" the suit. *See* 38-3-1(D)(1). There is no doubt that Blanchard has an interest in lands pursuant to the Agricultural Lease. *See Resol. Tr.*

8

*Corp. v. Binford*, 1992-NMSC-068, ¶ 23, 114 N.M. 560, 844 P.2d 810 ("While the lease is personalty, the leasehold estate is an interest in land." (internal quotation marks and citation omitted)). Also, there is no question that this case is related to that lease. But these two facts do not add up to the conclusion that the object of this suit is an interest in lands. It is not enough that "the very regulatory provisions [in question] . . . are directly related to the existing lessee's right to possess and use the leased property," as Blanchard contends. Just because the action is "related in some way to land" does not mean that the case should be brought in the county where the land is located. *See Kaywal*, 2021-NMCA-037, ¶ 41. The declarations that Blanchard seeks would not themselves affect Blanchard's possessory interest or any interest established by the Agricultural Lease. As Blanchard concedes, the wind energy leases, at this juncture, have only a "potential" to impact the land, which is dependent upon the property possibly becoming unusable at some time in the future. Given that any potential impact on Blanchard's interest lies in the future and therefore requires speculation, the object of this suit does not concern a question of Blanchard's actual, current possessory interest in the leased land.

{16}     In sum, we conclude that the plain language of Section 38-3-1(D)(1) points to the conclusion that Blanchard's suit does not have an interest in lands as its object because the relief Blanchard seeks would not affect a current possessory interest or

9

any interest established by the Agricultural Lease and would only potentially affect the usability of the land in the future. Further, our reading of the plain meaning of Section 38-3-1(D)(1) aligns with its intended purpose. The "traditional rationale for local actions," or actions brought in the county where the land in question is located, is to "ensur[e] that distant courts do not confuse title to local lands." *Kaywal*, 2021-NMCA-037, ¶ 40. "'[W]here the action, though related in some way to land, will not have an impact on title, there is no need to require the action to be brought where the land is located.'" *Team Bank v. Meridian Oil Inc.*, 1994-NMSC-083, ¶ 6, 118 N.M. 147, 879 P.2d 779 (quoting T.E. Occhialino, *Walden's Civil Procedure in New Mexico*, at 2-19 (2d ed. 1988)). In this case, there is no danger of a distant court confusing title or possessory interests to the lands in question because the relief that Blanchard seeks, if granted, would not have an impact on the leasehold interests in question. Thus, there is no need to require the action to be brought in Lincoln County.

**2.     New Mexico case law on Section 38-3-1(D)(1)**

{17}     New Mexico case law interpreting Section 38-3-1(D)(1) of the venue statute is also instructive. The Commissioner primarily relies on *Kaywal* to support her argument that an interest in land is not the object of Blanchard's suit. In *Kaywal*, the Court of Appeals held that an interest in lands is the object of a suit under Section

10

38-3-1(D)(1) for suits "which have ownership or possessory interests in property as their direct purpose." 2021-NMCA-037, ¶ 38. Specifically, *Kaywal* held that actions for trespass and nuisance do not have as their object an interest in lands under Section 38-3-1(D)(1) when "the judgment sought does not create, transfer, or revoke an interest in property." *Id.* ¶ 59.

{18}    In *Kaywal*, the defendant operated a wind energy facility on state trust land next to the plaintiff's ranch. *Id.* ¶ 2. After the plaintiff refused the defendant easements and licenses to access his land via the plaintiff's ranch, the defendant began trespassing on the plaintiff's property. *Id.* ¶¶ 3-4. Specifically, the defendant used a road on the plaintiff's ranch, built a new "wood-plank road" on the ranch, transported and disposed of materials on the plaintiff's ranch, dug holes under the fence that bordered the plaintiff's ranch, and installed electric equipment along the plaintiff's fence. *Id.* ¶ 4. The plaintiff brought an action seeking monetary and injunctive relief for trespass, nuisance, and unjust enrichment in Chaves County, the county where the plaintiff resided. *Id.* ¶ 6. The defendant moved to dismiss for improper venue, arguing that, under Section 38-3-1(D)(1), the case should have been brought in Torrance County, the county where the property in question was located. *Id.* The district court denied the defendant's motion to dismiss for improper venue,

concluding that the complaint did not have as its object an interest in lands for purposes of Section 38-3-1(D)(1). *Id.* ¶ 1.

{19}     On interlocutory appeal, the Court of Appeals in *Kaywal* affirmed the district court. *Id.* The Court of Appeals reasoned that an action for trespass, even one seeking relief to enjoin a party from future trespass, "does not involve title to land" and "does not have the effect of settling title as between the parties." *Id.* ¶ 30. Further, the Court of Appeals in *Kaywal* reasoned that "an ordinary trespass action seeks to vindicate an *existing* legal, possessory interest in land, and/or to protect it from tortious interference—it does not seek to create, transfer, or revoke the interest itself." *Id.* ¶ 32. Thus, the Court of Appeals held that the suit did not have as its object land or interest in lands within the meaning of Section 38-3-1(D)(1) of the venue statute and was properly filed in Chaves County, where the plaintiff resided. *Id.* ¶ 44.

{20}     Blanchard and the Commissioner disagree on *Kaywal*'s applicability here. The Commissioner contends that, under *Kaywal*, a suit "has an interest in lands as its object only when it seeks a judgment which would create, transfer, or revoke title or a possessory interest in land." According to the Commissioner, the judgment that Blanchard seeks in this case "would have far less of a direct effect on the use of the land than the judgment sought in *Kaywal*." In *Kaywal*, the relief sought "would have a direct and immediate impact on the use of the land involved" because the plaintiff

sought to enjoin the defendants from entering the plaintiff's property. But here, the Commissioner argues, the declaratory relief sought by Blanchard "would not itself prohibit any use of the leased state trust land."

{21} Blanchard, on the other hand, argues that "*Kaywal* does not limit venue in this case" because *Kaywal* was a "transitory action[] for trespass and nuisance" which, the *Kaywal* Court concluded, "does not have as its object an interest in lands." Blanchard states, "[T]he only thing that the Court [of Appeals in *Kaywal*] determined is that the venue statute does not require actions for trespass to be filed in the county where the property is located." In this case, according to Blanchard, there is a question of "rightful possession," raising "issues directly related to its possessory interest in the [A]gricultural [L]ease . . . including the impact on that property interest resulting from the . . . wind [energy] leases."

{22} Still, Blanchard does rely on *Kaywal* for the proposition that adjudications of title are not the only types of actions that have as their object an interest in lands; "[q]uestions of rightful possession" do too. Blanchard quotes *Kaywal* for the proposition that a suit does not have an interest in lands as its object if it does not claim "to establish title, *possession, or any other property interest* in the land at issue," and then interprets this *Kaywal* quote to mean "lawsuits that address possessory rights in land, including efforts to protect those possessory interests, have

13

as their object an interest in lands." But, by emphasizing "*possession[] or any other property interest*," Blanchard overlooks a key part of that same *Kaywal* quote: a suit has an interest in lands as its object when there is a "claim[] to *establish*" a possessory interest. *Kaywal*, 2021-NMCA-037, ¶ 33 (emphasis added). It is not merely that the claim must "address" or relate to such possessory interest; the claim for relief must ask the court to make a determination about the validity of an action to establish title, possession, or any other property interest in the land at issue. Put another way, the claim must seek to create, transfer, or revoke a possessory interest itself for land to be the object of the suit.

{23} Our own review of the case law leads us to agree with the Commissioner's reading of *Kaywal*. We adopt the holding in *Kaywal* that a suit has an interest in lands as its object under Section 38-3-1(D)(1) when the judgment sought could create, transfer, or revoke title or a possessory interest in land. 2021-NMCA-037, ¶ 59. Our case law interpreting Section 38-3-1(D)(1) supports this conclusion. For example, our courts have held that the following types of suits have as their object an interest in lands: (1) suit to quiet title, *Jemez Land Co. v. Garcia*, 1910-NMSC-013, ¶ 18, 15 N.M. 316, 107 P. 683, *overruled on other grounds by Kalosha v. Novick*, 1973-NMSC-010, ¶ 12, 84 N.M. 502, 505 P.2d 845, (2) suit to set aside a conveyance, *Atler v. Stolz*, 1934-NMSC-079, ¶¶ 3-5, 38 N.M. 529, 37 P.2d 243,

14

*overruled on other grounds by Kalosha*, 1973-NMSC-010, ¶ 12, (3) suit to compel a conveyance, *Catron v. Gallup Fire Brick Co.*, 1929-NMSC-029, ¶¶ 7-12, 34 N.M. 45, 277 P. 32, *overruled on other grounds by Kalosha*, 1973-NMSC-010, ¶ 12, (4) suit seeking to prohibit a party from obtaining title, *Naumburg v. Cummins*, 1982-NMSC-086, ¶ 5, 98 N.M. 274, 648 P.2d 313, and (5) actions where the parties sought a declaration of their interests in property, *Heath v. Gray*, 1954-NMSC-087, ¶¶ 3-5, 12-17, 58 N.M. 665, 274 P.2d 620, *overruled on other grounds by Kalosha*, 1973-NMSC-010, ¶ 12; *Marquez v. Juan Tafoya Land Corp.*, 1981-NMSC-080, ¶¶ 3, 8-10, 14, 96 N.M. 503, 632 P.2d 738; *Elephant Butte Irrigation Dist. v. Regents of N.M. State Univ.*, 1993-NMCA-009, ¶¶ 2, 4, 35, 115 N.M. 229, 849 P.2d 372. These are all suits where the judgment sought would create, transfer, or revoke title or a possessory interest in land.

{24} Consistent with *Kaywal*, New Mexico courts have held that a suit does not have an interest in lands as its object if the judgment sought would *not* create, transfer, or revoke title or a possessory interest in land. Our courts have held that the following types of suits do not have as their object an interest in lands: (1) action where the plaintiff sought to recover unpaid royalties for natural gas production, *Team Bank*, 1994-NMSC-083, ¶¶ 2-3, (2) suits seeking damages for trespass and nuisance, *Bank of Am. v. Apache Corp.*, 2008-NMCA-054, ¶¶ 3, 33, 144 N.M. 123,

15

184 P.3d 435; *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶¶ 2-3, 9, 132 N.M. 382, 49 P.3d 61, (3) suit seeking damages for misrepresentation in a real estate contract, *Rito Cebolla Invs., Ltd. v. Golden W. Land Corp.*, 1980-NMCA-028, ¶¶ 2-9, 94 N.M. 121, 607 P.2d 659, and (4) insolvency proceedings against a corporation, which had an indirect effect on ownership of the corporation's real property assets, *State ex rel. Parsons Mining Co. v. McClure*, 1913-NMSC-034, ¶¶ 1, 6, 17 N.M. 694, 133 P. 1063.

{25} This case is more like those that did not have an interest in lands as their object than those that did. The judgment that Blanchard seeks, like the judgment sought in *Kaywal*, would not itself create, transfer, or revoke title or a possessory interest in land. *See Kaywal*, 2021-NMCA-037, ¶ 32. Here, Blanchard's action does not have the effect of settling possessory interests as between Blanchard and the Commissioner but instead seeks to vindicate Blanchard's *existing* leasehold interest by challenging the procedures that the Commissioner followed to enter into the wind energy leases that overlap with the Agricultural Lease.

{26} Further, like in *McClure*, the district court's judgment here could affect the parties' possessory interests only indirectly, if at all. *See* 1913-NMSC-034, ¶ 6. In *McClure*, this Court concluded that insolvency proceedings did not have an interest in lands as the object of the suit when "sequestration and administration of the

assets[, mostly real estate in the form of mining property,] of the corporation [was] merely incidental to the main object of the proceeding," which was an adjudication regarding the corporation's insolvency. *Id.* ¶¶ 2, 6. Here, if there was a change in possessory interests, it would be merely incidental to the main object of the proceeding, which is to determine whether the Commissioner violated State Land Office rules in its issuance of the two wind energy leases. If the district court granted the declaratory relief that Blanchard requests, there would only be a change to the existing leasehold interests if the Commissioner initiated additional proceedings to cancel the wind energy leases. Even if the district court did grant the declaratory relief that Blanchard seeks, any change in the existing leasehold interests would still be speculative because, instead of cancelling the wind energy leases, the Commissioner could conduct an evaluation of the wind energy leases under the terms of the State Land Office rules and modify the leases to comply with the regulations. *See* 19.2.9.21 NMAC. Thus, the mere possibility of a change in Blanchard's possessory interests could arise only after the commencement of additional proceedings beyond the scope of this action.

## III.  CONCLUSION

{27}    For the foregoing reasons, we reverse the district court's ruling on venue and remand to dismiss the case without prejudice for improper venue. According to

17

Section 38-3-1(D)(1)—looking to its plain language, intended purpose, and New Mexico case law interpreting it—this case does not have as its object an interest in lands because the judgment sought would not create, transfer, or revoke title or a possessory interest in land. *See Kaywal*, 2021-NMCA-037, ¶ 59. Thus, venue is improper in Lincoln County, Section 38-3-1(G) controls, and venue is proper in either Bernalillo County or Santa Fe County.

{28}    **IT IS SO ORDERED.**

_____

**JULIE J. VARGAS, Justice**

**WE CONCUR:**

_____
**DAVID K. THOMSON, Chief Justice**

_____
**MICHAEL E. VIGIL, Justice**

_____
**C. SHANNON BACON, Justice**

_____
**BRIANA H. ZAMORA, Justice**

18