2008-NMCA-054

184 P.3d 435

BANK OF AMERICA, as Trustee for The Millard Deck Estate, Plaintiff–Appellant,

v.

APACHE CORPORATION, Atlantic Richfield Company, BP America Production Company, Chesapeake Operating, Inc., Chevron U.S.A., Inc., Conocophillips Company, Exxonmobil Corporation, John H. Hendrix Corporation, Marathon Oil Company, ME–TEX Oil & Gas, Inc., Shell Oil Company, Texaco Exploration and Production, Inc., and XTO Energy, Inc., Defendants–Appellees,

and

Amerada Hess Corporation, Campbell & Hedrick, Celero Energy L.P., Gruy Petroleum Management, Pecos Production, Inc. Pure Resources, L.P., Quay Valley, Inc., RB Operating Company, Roca Production, Inc., and Stephens & Johnson Operating Co., Defendants.

Bank of America, as Trustee for The Millard Deck Estate, Plaintiff–Appellant,

v.

Rice Operating Company, Defendant–Appellee.

S & D Ranch, L.L.C., and Leo V. Sims, L.L.C., Plaintiffs–Appellants/Cross–Appellees,

v.

Conocophillips Company, Marathon Oil Company, Pierce Production Company, L.L.C., and Rice Operating Company, Defendants–Appellees,

and

Chesapeake Operating, Inc., Dynegy Midstream Services, L.P., And John H. Hendrix Corporation, Defendants–Appellees/Cross–Appellants.

and

Dominion Exploration & Production, Inc., Five States Energy Company, L.L.C., Sid Richardson Carbon & Gasoline Co., and Zachary Oil Operating Company, Defendants.

Nos. 26,828, 27,062, 26,658.

Court of Appeals of New Mexico.

Feb. 1, 2008.

Certiorari Denied, No. 30,955, March 14, 2008.

Bill Robins III, Darin M. Foster, Heard, Robins, Cloud & Lubel, L.L.P., Santa Fe, NM, L. Michael Messina, L. Michael Messina, P.A., Albuquerque, NM, for Appellants Bank of America, S & D Ranch, L.L.C., and Leo V. Sims, L.L.C.

Harper Estes, Steven C. Kiser, Lynch, Chappell & Alsup, P.C. Midland, TX, A.J. Olsen, Sheryl L. Saavedra, Hennighausen &

Olsen, L.L.P., Roswell, NM, for Appellees Chevron U.S.A., Inc. and Texaco Exploration and Production, Inc.

Thomas M. Hnasko, Gary W. Larson, Hinkle, Hensley, Shanor & Martin, L.L.P., Santa Fe, NM, for Appellees ConocoPhillips Company and ExxonMobil Corporation.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., John R. Cooney, Earl E. DeBrine, Jr., Emil J. Kiehne, Albuquerque, NM, for Appellees Apache Corporation, Atlantic Richfield Company, BP America Production Company, and Chesapeake Operating, Inc.

Michael J. Mazzone, Ann Al–Bahish, Haynes & Boone, LLP, Houston, TX, Eric M. Sommer, Sommer, Udall, Hardwick, Ahern, & Hyatt, LLC, Santa Fe, NM, for Appellee Marathon Oil Company.

Michael B. Campbell, Bradford C. Berge, Michael H. Feldewert, Robert J. Sutphin, Jr., Holland & Hart, L.L.P., Santa Fe, NM, for Appellees John H. Hendrix Corporation, Shell Oil Company, and XTO Energy, Inc.

Larry D. Beall, José R. Blanton, Beall & Biehler, Albuquerque, NM, for Appellee Me–Tex Oil & Gas, Inc.

Michael R. Comeau, Jon J. Indall, Comeau, Maldegen, Templeman & Indall, LLP, Santa Fe, NM, Franklin H. McCallum, Midland, TX, for Appellee Rice Operating Company.

Jeffrey E. Jones, Law Office of Jeffrey E. Jones, Santa Fe, NM, for Appellee Pierce Production Company, LLC.

Gary Don Reagan, Mark Terrence Sanchez, Reagan & Sanchez, P.A., Hobbs, NM, Bradley L. DeLuca, Johnson DeLuca Kennedy & Kurisky, P.C., Houston, TX, for Appellee/Cross–Appellant Dynegy Midstream Services.

## OPINION

FRY, Judge.

{1} This opinion resolves two separate appeals that we address together because they raise the same issue. We consider whether venue that is proper as to one or more defendant foreign corporations with a statutory agent for service of process may establish venue for either (1) a defendant foreign corporation with a statutory agent in a county other than the county where venue is asserted, or (2) a defendant New Mexico corporation with a statutory agent and principal place of business in a county or counties other than the county where venue is asserted. With respect to the district courts' dismissal as to the defendants in the first category, we affirm, holding that venue that is proper for one foreign corporation defendant with a statutory agent cannot establish venue for another foreign corporation defendant if the other's agent is maintained in a separate county. With respect to the defendants in the second category, under a recent decision by our Supreme Court in *Gardiner v. Galles Chevrolet Co.*, 2007–NMSC–052, 142 N.M. 544, 168 P.3d 116, we reverse the district courts in part, holding that venue that is proper for a foreign corporation defendant with a statutory agent may indeed establish venue for a New Mexico corporation even though the New Mexico corporation maintains an agent for service of process and a principal place of business in another county.

## BACKGROUND

{2} Although the two cases on appeal, *S & D Ranch, L.L.C. v. Chesapeake Operating, Inc.* (*S & D*) (No. 26,658), and *Bank of America v. Apache Corporation* (No. 26,828), are separate lawsuits arising from two separate events, they share the same legal issues and have remarkably similar facts. We first set out the facts of each case separately.

### S & D Ranch, L.L.C. and Leo V. Sims, L.L.C. v. Chesapeake Operating, Inc.

{3} S & D Ranch, L.L.C. and Leo V. Sims, L.L.C. (collectively, Plaintiffs S & D–Sims) own the surface estate rights of a ranch located in Lea County, New Mexico. Plaintiffs brought suit in Santa Fe County against multiple entities, alleging that Defendants, in conducting oil and gas operations on Plaintiffs S & D–Sims' property, caused damage by contaminating the surface and subsurface soils and the freshwater aquifer.

{4} We group the various Defendants in four categories, which we refer to as (1) the Santa Fe County Defendants, which are foreign corporations with statutory agents in Santa Fe County, the county where the law-

suit was filed; (2) the Lea County Defendants, which are foreign corporations with statutory agents in Lea County; (3) the Foreign Defendant, which is a foreign corporation without a registered agent in New Mexico; and (4) the New Mexico Defendant, which is a New Mexico corporation that maintains its principal place of business in Lea County and has a statutory agent for receiving service of process in Eddy County.

{5} Among other motions to dismiss, the Lea County Defendants and the New Mexico Defendant filed motions to dismiss for improper venue under NMSA 1978, § 38-3-1(F) (1988), which is the subsection of the venue statute that applies to foreign corporations. Three Defendants, Chesapeake Operating, Inc. (Chesapeake), Dynegy Midstream Services (Dynegy), and John H. Hendrix Corporation (Hendrix), which we refer to collectively as the Cross–Appeal Defendants, also filed motions to dismiss, but their motions were based on Section 38-3-1(D), which is the subsection of the venue statute applicable when lands or any interest in lands are the object of the suit.

{6} The district court granted the motions to dismiss filed by the Lea County Defendants and the New Mexico Defendant pursuant to Section 38-3-1(F). Applying the ruling the district court had made on a similar motion in a different case, *Jay Anthony v. Texaco Exploration & Production, Inc.* (*Anthony*), First Judicial District Court Case No. CV-2005-00910, the district court held that "venue was improper in Santa Fe County for [Plaintiffs S & D–Sims'] claims against the foreign corporation defendants who have appointed an agent for service of process who does not reside in Santa Fe County as well as any New Mexico corporation ... whose registered agent does not reside in Santa Fe County." However, the district court denied the motion brought under Section 38-3-1(D) by the Cross–Appeal Defendants.

{7} Plaintiffs S & D–Sims appeal the district court's order dismissing their claims against the Lea County Defendants and the New Mexico Defendant. The Cross–Appeal Defendants cross-appeal the district court's denial of their motion to dismiss that was based on Section 38-3-1(D).

### *Bank of America v. Apache Corporation*

{8} The facts of *Bank of America* are very similar to those in *S & D*. Bank of America, as the trustee of the Millard Deck Estate (Plaintiff Bank), owns the surface rights to a ranch in Lea County, New Mexico. Plaintiff Bank brought suit against multiple entities in Santa Fe County alleging that Defendants contaminated the surface and subsurface soils of the ranch and the fresh water aquifer on the ranch while Defendants were engaged in oil and gas operations on the ranch.

{9} We group Defendants in five categories: (1) the Santa Fe County Defendants, which are foreign corporations with statutory agents in Santa Fe County, the county where the lawsuit was filed; (2) the Lea County Defendants, which are foreign corporations admitted to do business in New Mexico with statutory agents in Lea County; (3) the San Juan County Defendant, which is a foreign corporation with a statutory agent in San Juan County; (4) the Foreign Defendants, which are foreign corporations without statutory agents for receiving service of process; and (5) the New Mexico Defendant, which is a New Mexico corporation with its principal place of business in Lea County.

{10} The Lea County Defendants, the San Juan County Defendant, and the New Mexico Defendant all filed motions to dismiss for improper venue under Section 38-3-1(F). In granting the motions, the district court cited the order from *Anthony* and the order of dismissal in *S & D*. The district court ruled that venue was not proper as to the multiple Defendants who were foreign corporations with statutory agents in counties other than Santa Fe County and as to the New Mexico Defendant. Plaintiff Bank appeals the district court's order of dismissal.

### DISCUSSION

{11} We first address whether a foreign corporation defendant with a statutory agent in Santa Fe County can determine venue for another foreign corporation defendant with a statutory agent in a different county. Second, we consider whether a foreign corporation defendant with a statutory agent in San-

ta Fe County can establish venue for a New Mexico corporation defendant. Third, we briefly discuss the issue raised on cross-appeal in *S & D*. We refer to Plaintiffs Bank and S & D–Sims collectively as "Plaintiffs" and also refer to them individually for purposes of our discussion as necessary.

{12} A district court's ruling on a motion to dismiss for improper venue is a question of law that we review de novo. *Gardiner*, 2007–NMSC–052, ¶ 4, 142 N.M. 544, 168 P.3d 116. This Court recognizes the long-standing principle underlying our venue statute that "venue relates to the convenience of litigants and reflect[s] equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Id.* (internal quotation marks and citation omitted). In interpreting the venue statute, our courts attempt to balance the right of a plaintiff to choose the forum in which to sue with the interests of the defendants in being sued in a convenient forum. *Id.*

### I. Plaintiffs' Appeals Based on Subsections (A) and (F)

{13} In this appeal, we consider the same two provisions of our venue statute that were at issue in the recent New Mexico Supreme Court cases, *Baker v. BP America Production Co.*, 2005–NMSC–011, 137 N.M. 334, 110 P.3d 1071, and *Gardiner*. Our venue statute provides in part:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

A. First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.

. . . .

F. Suits may be brought against transient persons or non-residents in any county of this state, except that suits against foreign corporations admitted to do business and which designate and maintain a statutory agent in this state upon whom service of process may be had shall only be brought in the county where the plaintiff, or any one of them in case there is more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred or in the county where the statutory agent designated by the foreign corporation resides.

§ 38–3–1(A), (F).

{14} In both *S & D* and *Bank of America*, the district court cited to an order on a similar motion that the district court had entered in *Anthony*. In that order, the district court reasoned that the New Mexico Supreme Court's decision in *Baker* supported its position that venue was improper in Santa Fe County as to both the foreign corporation defendants with statutory agents in other counties and the New Mexico corporation defendants with statutory agents in other counties.

{15} In *Baker*, our Supreme Court confronted the question of whether, as between multiple foreign corporation defendants, proper venue for a foreign corporation *without* a statutory agent could establish venue for a foreign corporation *with* a statutory agent in another county. 2005–NMSC–011, ¶ 19, 137 N.M. 334, 110 P.3d 1071. The plaintiffs in *Baker* were California residents who filed a personal injury action in Santa Fe County based on an accident that occurred in San Juan County. *Id.* ¶ 2. The majority of the defendants in *Baker* were foreign corporations without statutory agents for receiving service of process, but one defendant was a foreign corporation with a statutory agent in Lea County. *Id.* The district court had ruled in *Baker* that because venue was proper in Santa Fe County for the foreign corporations without statutory agents under Section 38–3–1(F), it was also proper for the foreign corporation with the

Lea County agent. *Baker*, 2005–NMSC–011, ¶ 4, 137 N.M. 334, 110 P.3d 1071.

{16} Reversing the district court, our Supreme Court in *Baker* emphasized the key differences between Subsections (A) and (F) of the venue statute and noted that Subsection (F) "designates the limited venues where a foreign corporation with a statutory agent can be sued." *Baker*, 2005–NMSC–011, ¶ 14, 137 N.M. 334, 110 P.3d 1071. Therefore, "[c]onsistent with legislative intent, Subsection F should be interpreted to give foreign corporations that are admitted to do business and that have designated and maintained a statutory agent in this state the same weight in the venue balance as resident defendants." *Id.* ¶ 19 (internal quotation marks, citation, and footnote omitted). The Supreme Court concluded that "venue for a non-resident defendant, including a foreign corporation without a statutory agent, cannot determine proper venue for a foreign corporation with a statutory agent." *Id.*

{17} Plaintiffs argue that *Baker* is limited to its factual context, which differs from the present cases. They maintain that because venue was proper as to the foreign corporation Defendants with statutory agents in Santa Fe County, it was also proper as to (1) the foreign corporation Defendants with statutory agents in other counties and (2) the New Mexico Defendants with statutory agents in other counties. We address each argument in turn.

## A. The District Court Properly Dismissed the Foreign Corporation Defendants With Statutory Agents in Counties Other Than Santa Fe County

{18} In arguing that venue was proper as to all Defendants in Santa Fe County, Plaintiffs rely on Subsection (A) of the venue statute, which articulates the general rule that the residency of one defendant can establish venue for all. § 38–3–1(A) (stating that "actions shall be brought ... in any county in which the defendant or either of them [if there is more than one defendant] may be found"); *see also Teaver v. Miller*, 53 N.M. 345, 349, 208 P.2d 156, 159 (1949) (explaining that "the residence of one of the defendants determines the venue of the ac-

tion against all" (emphasis omitted)). In making this argument, however, Plaintiffs overlook the language in Subsection (A) that excepts foreign corporation defendants from application of the general rule and that directs the reader to Subsection (F) in such cases. § 38–3–1(A) (stating the general rule of venue "except as provided in Subsection F of this section relating to foreign corporations"). Our Supreme Court specifically recognized this exception in *Baker*, 2005–NMSC–011, ¶ 8, 137 N.M. 334, 110 P.3d 1071 ("If the defendant is a foreign corporation, ... Subsection A directs our attention to Subsection F.").

{19} Subsection (F) allows a foreign corporation without a statutory agent to be sued anywhere. § 38–3–1(F) ("Suits may be brought against ... non-residents in any county of this state[.]"). As for foreign corporations with statutory agents, Subsection (F) then specifically states that suits against them "shall only be brought" (1) in the county in which the plaintiff resides; (2) "in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred"; or (3) in the county where the corporation has a statutory agent for receiving service of process. § 38–3–1(F). Subsection (F) does not contain the same language as Subsection (A) that allows for venue to be based on proper venue for another defendant, or what might be called "collective venue."

{20} Plaintiffs in the present cases do not argue that either of the first two venue options in Subsection (F) apply because they do not contend either that they reside in Santa Fe County or that the causes of actions arose in Santa Fe County. Therefore, absent these two options, and given the language of Subsection (F) and the holding of *Baker*, the only counties in which Plaintiffs could sue the foreign corporation Defendants with statutory agents are the counties in which the statutory agents are maintained. In other words, because the "collective" type of venue permitted by Subsection (A) is specifically inapplicable to foreign corporations, venue established by the location of a statutory agent for one foreign corporation Defendant in Santa

Fe County cannot properly establish venue for any other foreign corporation Defendant whose statutory agent is maintained in another county. *See Baker,* 2005–NMSC–011, ¶ 19, 137 N.M. 334, 110 P.3d 1071 (stating that "venue for a non-resident defendant . . . cannot determine proper venue for a foreign corporation with a statutory agent"); *see also Blancett v. Dial Oil Co.,* 2008–NMSC–011, ¶ 9, 143 N.M. 368, 176 P.3d 1100 ("By including language about statutory agents in Section 38–3–1(F), the Legislature showed its intent to limit the counties in which certain foreign corporations are subject to suit."). In *S & D,* the Lea County Defendants maintained their statutory agents in Lea County, and, therefore, venue is only proper as to them in Lea County. In *Bank of America,* as to the Lea County Defendants, venue is only proper in Lea County. One Defendant in *Bank of America,* XTO Energy, Inc. (XTO), is a foreign corporation with a statutory agent in San Juan County. Therefore, venue is proper against XTO only in San Juan County.

{21} Plaintiffs Bank and S & D both argue that *Baker* does not apply in this case and that the controlling case is *Cooper v. Chevron U.S.A., Inc.,* 2002–NMSC–020, 132 N.M. 382, 49 P.3d 61. Plaintiffs specifically argue that dicta in *Cooper* suggest that the "collective venue" of Subsection (A), which allows proper venue for one defendant to determine proper venue for another, also applies to foreign corporations. *See Cooper,* 2002–NMSC–020, ¶ 20, 132 N.M. 382, 49 P.3d 61 ("We can discern no basis for applying a separate rule to multiple defendants when venue is based on the residence of a statutory agent.").

{22} We disagree. Plaintiffs read *Cooper* too broadly and ignore the context of the differences in statutory language between Subsections (A) and (F). The plaintiffs in *Cooper* brought suit in Santa Fe County against multiple defendants based on an incident that occurred in Lea County. 2002–NMSC–020, ¶¶ 2–3, 132 N.M. 382, 49 P.3d 61. Among the defendants, six were foreign corporations with statutory agents in Santa Fe County, two were foreign corporations with statutory agents in Chaves County, and one

was a New Mexico corporation. *Id.* ¶ 3. The district court in *Cooper* originally dismissed the suit for improper venue pursuant to Section 38–3–1(D), finding that the suit involved an interest in land and therefore that venue was only proper in the county where the land was located, Lea County. *Cooper,* 2002–NMSC–020, ¶ 3, 132 N.M. 382, 49 P.3d 61. On appeal, this Court reversed the district court's application of Subsection (D) because the lawsuit did not involve an interest in land. *Cooper,* 2002–NMSC–020, ¶ 4, 132 N.M. 382, 49 P.3d 61. We held that venue was proper in Santa Fe County with respect to the foreign corporation defendants with statutory agents in Santa Fe County and reversed the district court's dismissal of those defendants. *See id.* We affirmed the district court's dismissal of the foreign corporation defendants with statutory agents in other counties. *Id.* The plaintiffs in *Cooper* did not appeal to the Supreme Court our affirmance of the dismissal of the Lea County foreign corporation defendants or the New Mexico corporation defendant. *Id.* ¶ 20 n. 2. Thus, on certiorari, our Supreme Court's opinion resolved the question of proper venue only for the parties "still involved in the present case." *Id.* ¶¶ 1, 20 n. 2. By the time the Supreme Court filed its opinion, the only defendants remaining were the foreign corporations with statutory agents in Santa Fe County, the county where the plaintiffs filed their suit.

{23} Our Supreme Court granted certiorari in *Cooper* to respond to the argument, made by the foreign corporation defendants with statutory agents in Santa Fe County, that the registration of a statutory agent by a foreign corporation does not create "residency" for purposes of venue. *Id.* ¶¶ 11, 15. The Court held that a "statutory agent who maintains an office in New Mexico for . . . receiving service of process 'resides' in New Mexico regardless of whether it is a foreign corporation or a New Mexico resident." *Id.* ¶ 19. In addition, the Court in *Cooper* stated that when the foreign corporations are the defendants, Subsection (F), not Subsection (A), applies to determine proper venue. *Cooper,* 2002–NMSC–020, ¶ 15, 132 N.M. 382, 49 P.3d 61.

{24} Contrary to Plaintiffs' arguments, *Cooper* did not address the issue we determine in these cases. Here, we are asked to consider whether the proper venue established for a foreign corporation defendant with a statutory agent in Santa Fe County also establishes proper venue for other foreign corporation defendants with statutory agents in other counties. *Cooper* informs us that venue is proper in Santa Fe County as to the foreign corporation defendants with statutory agents in Santa Fe County, but it does not speak to the actual question in the present cases. Rather, as discussed above, the plain language of the venue statute and *Baker* more clearly inform our decision.

{25} Plaintiffs also argue that the result we reach "has severe implications for both judicial economy and considerations of fairness to [P]laintiffs, in that it virtually compels [P]laintiffs to pursue multiple trials." As we explained above, under Subsection (F), proper venue for *all* Defendants would lie in Lea County, which is where the causes of action arose, or in the county where any Plaintiff resides. Multiple trials would be unnecessary. As to "considerations of fairness," our Supreme Court observed that our venue rules are an "attempt to balance the interests of the parties." *Baker*, 2005–NMSC–011, ¶ 17, 137 N.M. 334, 110 P.3d 1071. "Venue is not a substantive right, but a procedural matter designed for the convenience of the litigants and for allocating judicial resources." *Id.* In these cases, Plaintiffs may still bring suit against all Defendants in the county in which any Plaintiff resides *or* in the county where the causes of action arose. We hardly think that we are being unfair to Plaintiffs by following the language of the statute and eliminating only one of the three venue options as to certain foreign corporation Defendants.

**B. The District Court Erred in Dismissing the Claims Against the New Mexico Defendants**

{26} Plaintiffs argue that venue as to the New Mexico Defendants was proper because venue is proper as to the foreign corporations with statutory agents in Santa Fe County. We agree and reverse the district court's dismissal of Plaintiffs' claims against the New Mexico Defendants.

{27} Our decision is based on the recent New Mexico Supreme Court case, *Gardiner*. *Gardiner* was decided while these appeals were pending and, because it is directly on point, it is controlling law. "Absent an express statement that limits a decision to prospective application, our Supreme Court has established the presumption that a new rule adopted by a judicial decision in a civil case will operate retroactively." *Padilla v. Wall Colmonoy Corp.*, 2006–NMCA–137, ¶ 12, 140 N.M. 630, 145 P.3d 110 (internal quotation marks and citation omitted).

{28} In *Gardiner*, our Supreme Court further explored the relationship between Subsections (A) and (F). The plaintiffs in *Gardiner*, residents of Bernalillo County, filed suit in Santa Fe County against several defendants after a car accident that occurred in Bernalillo County. 2007–NMSC–052, ¶ 2, 142 N.M. 544, 168 P.3d 116. Only one of the twenty foreign corporation defendants maintained a statutory agent in Santa Fe County. *Id.* The one resident defendant, a New Mexico corporation with a statutory agent in Bernalillo County, moved to dismiss for improper venue, arguing that it could be sued only in Bernalillo County. *Id.* ¶¶ 2–3. The district court denied the motion to dismiss. *Id.* ¶ 3.

{29} In affirming the district court, our Supreme Court interpreted Subsection (A) of the venue statute to mean that a foreign corporation with a statutory agent may establish venue for resident defendants. *Gardiner*, 2007–NMSC–052, ¶ 12, 142 N.M. 544, 168 P.3d 116. The Court noted that the key distinction between Subsections (A) and (F) is that while "the statute limits venue for foreign corporations with statutory agents to the county where the statutory agent resides, it does not so limit venue for resident defendants." *Gardiner*, 2007–NMSC–052, ¶ 12, 142 N.M. 544, 168 P.3d 116.

{30} In *S & D*, Defendant Pierce Production Co., L.L.C. (Pierce), is a New Mexico corporation with a statutory agent in Eddy County. It does not maintain a statutory agent in Santa Fe County. Venue is nonetheless proper as to Pierce in Santa Fe

County under the rule articulated in *Gardiner* because venue is proper as to the foreign corporation Defendants who have statutory agents in Santa Fe County. Similarly, in *Bank of America*, venue is proper in Santa Fe County as to New Mexico corporation Defendant Me–Tex Oil & Gas, Inc. (Me–Tex), because venue is proper as to the foreign corporation Defendants with statutory agents in Santa Fe County.

{31} Defendants Me–Tex and Pierce argue that allowing a foreign corporation with a statutory agent to determine venue for a New Mexico resident corporation results in a venue scheme favoring foreign corporations with statutory agents over resident defendants, which cannot be consistent with legislative intent. The Supreme Court in *Gardiner* addressed this argument, and its analysis also lends further support to our holding that venue is improper in this case as to the foreign corporation Defendants with statutory agents outside of Santa Fe County. The Court in *Gardiner* stated:

> [w]e recognize that the construction of the venue statute we articulate here appears to favor [the] foreign defendants over [the] local defendants. Foreign corporations with statutory agents have the most restricted venue options because they 'shall only' be sued where the statutory agent resides. Pursuant to Subsection F, venue for such corporations could not be established based on other resident defendants. However, this interpretation is not inconsistent with the text of the statute, policy goals, or longstanding practice. Subsection A does not have the limiting language that is present in Subsection F, and thus, there are a broader range of venue options for resident defendants. Nor is it implausible that the Legislature would adopt a policy favoring [the] foreign defendants doing business in New Mexico. There are rewards that New Mexico obtains by inducing large foreign corporations to obtain a local agent, thereby facilitating service of process and perhaps achieving other benefits as well. Moreover, regardless of the policy choices that may have motivated the particular language of the venue statute, to the extent they are not reflected in the current statute, it is for the Legislature to address.

*Gardiner*, 2007–NMSC–052, ¶ 15, 142 N.M. 544, 168 P.3d 116. While our holding could be construed as being more favorable to a foreign corporation defendant with a statutory agent, our position is supported by the language of the venue statute and the public policy of New Mexico.

{32} We therefore reverse the district courts' dismissal as to the New Mexico Defendants for improper venue in both *Bank of America* and *S & D*.

## II. The District Court Properly Denied the *S & D* Cross–Appeal Defendants' Motion To Dismiss Based on Subsection (D) of the Venue Statute

{33} In *S & D* the Cross–Appeal Defendants, Dynegy, Hendrix, and Chesapeake, cross-appeal the district court's decision denying their motion to dismiss based on improper venue under Section 38–3–1(D). Subsection (D) of the venue statute states that "[w]hen lands or any interest in lands are the object of any suit in whole or in part, the suit shall be brought in the county where the land or any portion of the land is situate." § 38–3–1(D). The Cross–Appeal Defendants maintain that the suit brought by Plaintiffs S & D–Sims is "based on a nuisance claim related to real property" and therefore falls within the ambit of Subsection (D). The holding in *Cooper* is directly contrary to this argument. *Cooper* stated: "Claims for damages do not have lands or interest in lands as their object. Accordingly, a lawsuit comprised exclusively of claims for damages need not be brought in the county where the land is situated." 2002–NMSC–020, ¶ 8, 132 N.M. 382, 49 P.3d 61. The Court stated that "[e]ven though the complaint makes reference to a continuing nuisance, [the p]laintiffs' request for relief is clearly for monetary, not injunctive, relief." *Id.* ¶ 10. In the present case, Plaintiffs S & D–Sims seek only monetary relief. Because *Cooper's* holding does not support their argument, the Cross–Appeal Defendants maintain that *Cooper* should be overruled.

{34} This Court is bound by the decisions of our Supreme Court. "The general

rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." *Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (internal quotation marks and citation omitted). Because the Cross–Appeal Defendants concede that an outcome favorable to them requires rejection of the holding in *Cooper,* we do not address their arguments and we affirm the district court's denial of their motion to dismiss.

## CONCLUSION

{35} For the foregoing reasons, we affirm the district courts' dismissal with respect to the foreign corporation Defendants with statutory agents in counties other than Santa Fe County in both *Bank of America* and *S & D.* We also affirm the district court's denial of dismissal in the cross-appeal in *S & D.* We reverse the district courts' dismissal for improper venue as to the New Mexico Defendants in both *S & D* and *Bank of America,* and remand for proceedings consistent with this opinion.

{36} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and MICHAEL D. BUSTAMANTE, Judge.