This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHERI L. SALNESS,**

Petitioner-Appellant,

v.                                                      **NO.   28,843**

**RICHARD A. SALNESS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

McCormick, Caraway, Tabor & Byers, L.L.P.
Matthew T. Byers
Carlsbad, NM

for Appellant

Foster, Rieder & Jackson, P.C.
Travis G. Jackson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Cheri Erdek, formerly Cheri Salness, appeals the denial of her Rule 1-060 NMRA motion for relief from judgment. In that motion, she argued that she should be relieved from the child support agreement contained in the Parenting Plan with her ex-husband, Richard Salness, because child support was calculated based on faulty methods set out in *Erickson v. Erickson*, 1999-NMCA-056, 127 N.M. 140, 978 P.2d 347. We review the denial of her Rule 1-060 motion for abuse of discretion, and finding none we affirm.

**BACKGROUND**

The parties stipulated to a Decree of Dissolution of Marriage and Marital Settlement Agreement on February 15, 2008. Pursuant to this agreement, child support for the four marital children was calculated based on the worksheet set out in *Erickson*. On April 14, 2008, Cheri filed (1) a motion for modification of child support based on changes in income, and (2) a Rule 1-060 motion for relief from the prior judgment. With respect to the latter motion, she asserted that she had discovered a clerical error in *Erickson*. Specifically, she asserted that its method of calculating line nine of the child support worksheet was improper because it required that line *two* be multiplied by line seven, whereas line nine should actually be calculated by multiplying line *five* by line seven. She argued that based on this newly discovered

error, her prior agreement as to how child support would be calculated was no longer equitable. The district court granted the motion to modify child support based on the changes in income, but denied her Rule 1-060 motion for relief from judgment. This appeal followed.

**DISCUSSION**

We do not address the substance of Cheri's claim relating to the alleged clerical error in *Erickson* beyond its effect on whether the district court properly denied her motion for relief from judgment. The substance of her *Erickson* argument is not properly before this Court. The court's order indicates that it did not reopen the judgment and did not consider any questions of law relating to *Erickson*. Absent any consideration by the district court of the substance of Cheri's arguments relating to *Erickson* prior to entry of the judgment, this issue cannot have been preserved for appeal. A motion for relief from judgment cannot be used to preserve issues not otherwise raised during the proceedings below. *See, e.g., Goodloe v. Bookout*, 1999-NMCA-061, ¶ 13, 127 N.M. 327, 980 P.2d 652 ("Raising the matter in their motion for a new trial came too late; objections must be raised in time for the trial judge to correct the error to prevent prejudice."). "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496,

3

745 P.2d 717, 721 (Ct. App. 1987). Thus, we only address the issue of whether the district court abused its discretion in denying Cheri's Rule 1-060 motion for relief from judgment. *See Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 6, 126 N.M. 258, 968 P.2d 769. Cheri argues that she should have been relieved from judgment based on several provisions of Rule 1-060 including, (1) that pursuant to 1-060(A) there was a clerical mistake in the judgment, orders, or parts of the record, (2) pursuant to 1-060(B)(5) it is no longer equitable that the judgment should have prospective application, or (3) pursuant to 1-060(B)(6) other considerations justify the relief.

None of the grounds asserted justify relief from judgment, and the district court did not abuse its discretion in denying Cheri's motion. Cheri's only basis for her motion was that this Court's decision in *Erickson* contained a mistake. Any alleged clerical mistake that exists in *Erickson*, cannot be remedied under Rule 1-060(A). This rule allows relief from judgment for clerical mistakes arising from "oversight or omission . . . by the court." *Id.* For example, in *Britton v. Britton*, 100 N.M. 424, 426, 671 P.2d 1135, 1137 (1983), a judgment was amended pursuant to this section where the word "per month" had been left off of an award for child support. In contrast, Cheri attempts to use Rule 1-060(A) to correct an alleged clerical mistake in binding legal precedent. This cannot be the function of the rule because, among other reasons,

4

it is not an oversight or omission by the presiding district court, and is thus outside of its authority to correct.

Further, since *Erickson* remains valid and binding law on the district court, any decision to waver from that precedent was outside of the district court's discretion. "The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." *Bank of Am. v. Apache Corp.*, 2008-NMCA-054, ¶ 34, 144 N.M. 123, 184 P.3d 435 (internal quotation marks and citation omitted), *cert. denied*, 2008-NMCERT-003, 143 N.M. 681, 180 P.3d 1180. Thus, Cheri's *Erickson* argument was not a valid ground for the district court to provide relief from its judgment under any Rule 1-060 justification. It is particularly not appropriate to support a Rule 1-060(B)(5) motion. Quite simply, such action was outside of the court's discretion. Finally, a motion for relief from judgment is not a substitute for a proper appeal. *See Koppenhaver v. Koppenhaver*, 101 N.M. 105, 109, 678 P.2d 1180, 1184 (Ct. App. 1984). The only way for Cheri to have raised her *Erickson* argument before this Court would have been to properly raise the issue before the district court's February 2008 entry of judgment, and then file an appeal within the deadline. Thus, Cheri cannot resurrect an otherwise un-preserved, untimely appeal via Rule 1-060.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the district court denying Cheri Erdeck's Rule 1-060 motion for relief from judgment.

**IT IS SO ORDERED.**

                    **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**CYNTHIA A. FRY, Chief Judge**

**JONATHAN B. SUTIN, Judge**